**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4572**

———————

UNITED STATES OF AMERICA,

                                   Plaintiff - Appellee,

        versus

TONY ZAQUECE WHEELER,

                                   Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  William L. Osteen, Senior,
Senior District Judge.  (1:06-cr-00323-WLO)

———————

Submitted:  December 13, 2007        Decided:  December 18, 2007

———————

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen III, Federal Public Defender, William S. Trivette,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Anna Mills Wagoner, United States Attorney, Randall S.
Galyon, Assistant United States Attorney, Greensboro, North
Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tony Zaquece Wheeler was convicted by a jury of five counts of distribution of crack cocaine. He was sentenced to the statutory mandatory minimum sentence of 240 months in prison. On appeal, he challenges the sufficiency of the evidence supporting his convictions and the reasonableness of his sentence. We affirm.

We will not reverse a conviction on the grounds of insufficiency of the evidence unless the prosecution has clearly failed to present evidence supporting a conclusion of the defendant's guilt beyond a reasonable doubt. See United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984). Here, Wheeler contends that the testimony of two eye witnesses that he distributed crack on five separate occasions was insufficient to support his convictions in the absence of fingerprints and further corroboration, especially given the background of a cooperating witness. However, the uncorroborated testimony of one witness may be sufficient to sustain a conviction. Unites States v. Wilson, 115 F.3d 1185, 1190 (4th Cir. 1997). In addition, while Wheeler questions the reliability of the witnesses' testimony, we will not reexamine credibility findings. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Accordingly, we find that sufficient evidence supported Wheeler's guilt beyond a reasonable doubt.

With regard to Wheeler's sentence, the district court lacked the authority to sentence Wheeler below the statutory

mandatory minimum sentence.  See United States v. Allen, 450 F.3d 565, 568-69 (4th Cir. 2006).  Thus, Wheeler's sentence, which was within the presumptively reasonable guideline range, was reasonable.  See United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006) (standard of review).

Accordingly, we affirm Wheeler's convictions and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED